# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISRICT OF TENNESSEE

| | |
|---|---|
| MARGARET M. KOLET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-01270 |
| ) | |
| UNITED GROUND EXPRESS, INC. ) | Judge Crenshaw |
| d/b/a UNITED AIRLINES, ) | |
| ) | Magistrate Judge Frensley |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

The Court should dismiss Plaintiff's claims for Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress ("NIED") because Plaintiff fails to allege facts to establish that Defendant engaged in "outrageous conduct," nor does Plaintiff sufficiently allege "severe mental injury." Plaintiff merely alleges a traditional workplace sexual harassment claim that fails to meet the high standard of "outrageous conduct" for purposes of emotional distress claims. Similarly, Plaintiff's conclusory assertion that she has suffered "severe mental injuries" fails to state a claim for negligent infliction of emotional distress. Put simply, none of the factual allegations in Plaintiff's Complaint reaches the level of "outrageous" conduct or "severe mental injury" needed to succeed on her IIED and NIED claims.

For the reasons discussed more fully below, the Court should dismiss Counts II and III of Plaintiff's Complaint.

I. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**[1]

Plaintiff filed her Complaint on September 24, 2024, in the Chancery Court for Davidson County Tennessee alleging claims of Sexual Harassment (Count I), Intentional Infliction of Emotional Distress ("IIED") (Count II), Negligent Infliction of Emotional Distress ("NIED") (Count III), Negligence (Count IV), Gross Negligence and Recklessness (Count V), and Negligent Supervision, Training, and Retention (Count VI). (Compl., ECF No. 1-1.) In addition, Plaintiff seeks punitive damages. (*Id.*) On October 24, 2024, UGE timely removed this action. (Notice of Removal, ECF No. 1.)

Plaintiff alleges she began working for UGE in November 2022. (Compl., ECF No. 1-1, ¶ 4.) During the relevant time, the General Manager of the location at which Plaintiff worked was Bradley Wagland ("Wagland"). (*Id.*) Wagland was not Plaintiff's direct supervisor. (*Id.*) Plaintiff alleges that she was subjected to a "sexually hostile work environment" from approximately "early 2024" to "September 2024." (*Id.* ¶ 6.) More specifically, Plaintiff alleges that Wagland was "flirtatious" with her and joked and talked to her "in a way that showed personal attention." (*Id.*) Plaintiff claims that Wagland touched her "back, knee, shoulder, and badge" area. (*Id.*)

According to Plaintiff, in May 2024, she and other co-workers attended a social event where Plaintiff "blacked out" from drinking too much alcohol and although she "does not recall exactly what happened," she alleges Wagland was again "flirtatious toward" her. (*Id.*) Afterwards, Wagland allegedly added Plaintiff on the social media platform Snapchat where they exchanged messages and sexually suggestive photographs. (*Id.*) Plaintiff claims that although she felt "confused" and "intimidated" because of Wagland's position, she had consensual sex

---

[1] For purposes of this Motion, UGE merely recites Plaintiff's allegations, but denies there is any basis in fact or law for Plaintiff's claims, denies UGE acted unlawfully with respect to Plaintiff, and denies Plaintiff is entitled to the relief sought.

with him on two separate occasions. (*Id.*) Plaintiff alleges both encounters occurred at Wagland's home. (*Id.*) Plaintiff contends that "shortly after" their second encounter, Wagland messaged her again on social media, but she refused his requests and, as a result, he terminated communications with her and told her "everything needed to be professional from that point on." (*Id.*)

Plaintiff alleges that between the two consensual encounters, she talked to a supervisor about "how to report situations involving sexual relations between a General Manager and a frontline employee." (*Id.* ¶ 8.) Plaintiff contends that while she did not provide any details whatsoever about her relationship with Wagland, it was "clear that the supervisor knew the situation involved" Wagland. (*Id.*) Plaintiff alleges she had been told about Wagland's "influence" and "power" and claims she left the conversation feeling "discouraged" about the "situation." (*Id.* ¶¶ 8-9.)

According to Plaintiff, after Wagland "no longer had use for [her]," Wagland moved her into a less visible role within UGE and asked her to travel frequently in relation to her job responsibilities. (*Id.* ¶10.) Plaintiff further contends Wagland began giving her the "cold-shoulder treatment," and "mostly stopped talking to [her]." (*Id.*) Plaintiff contends that eventually she "reported some of what happened" with Wagland to an unidentified supervisor. (*Id.* ¶ 11.) Finally, Plaintiff makes the conclusory allegation that "upon information and belief," UGE "willfully and intentionally ignored" reports of sexual activity between Wagland and other female employees and that UGE has caused Plaintiff to "suffer severe mental injury," including nausea, sleeplessness, depression, anxiety, crying, being "emotionally on edge," nightmares, fright, grief, sadness, shame, humiliation, embarrassment, anger, resentment, disappointment, worry, fear, stress, lack of motivation, and a "different[] view of men." (*Id.* ¶¶ 12-13.)

## II. LAW AND ANALYSIS

Plaintiff fails to allege outrageous conduct sufficient to sustain her claim for IIED. Similarly, Plaintiff's vague allegations about her emotional injuries are insufficient to establish the "severe" injury necessary to sustain a claim for NIED.

### a. Legal Standard for Rule 12(b)(6) Motions to Dismiss

To survive a motion pursuant to Fed. R. Civ. P. 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). In determining whether a complaint meets that standard, the Court must accept all the complaint's factual allegations as true and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires <u>more than labels and conclusions</u>," or "<u>a formulaic recitation</u> of a cause of action's elements." *Blackwell*, 979 F.3d at 524 (emphasis added).

### b. The Court Should Dismiss Plaintiff's Intentional Infliction of Distress Claim Because Plaintiff Does Not Allege Outrageous Conduct

To succeed on her IIED claim, Plaintiff is required to show: (1) the conduct complained of was intentional or reckless; (2) the conduct was so outrageous that it is not tolerated by civil society, and (3) the conduct resulted in serious mental injury." *Bain v. Wells*, 936 S.W2d 618, 622 (Tenn. 1997). An extremely high burden to meet, courts find liability "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and be regarded as atrocious, and utterly intolerable in a civil community." *Brown v. Regions Bank*, 2019 WL 13297196, at *3 (W.D. Tenn. Nov. 14, 2019).

The Tennessee Supreme Court has made it clear that liability for IIED exists only where the defendant's conduct was tortious or criminal, characterized by "malice," such that it would entitle the plaintiff to punitive damages. *Bain*, 936 S.W.2d at 622. Tennessee courts have found "outrageous conduct" in very limited situations involving doctor-patient sexual assault, forcing a victim to witness attempted murder or suicide, failing to report known sexual abuse of children, and treating human remains in an improper manner. *Fitzgerald v. Hickman County Government*, 2018 WL 1634111 at *14 (Tenn. Ct. App. Apr. 4, 2018) (collecting cases in which Tennessee courts have found outrageous conduct in contrast to those in which they have not).

Plaintiff's allegations concerning her alleged sexual harassment fall far short of the "outrageous" conduct required to sustain her IIED claim. "Outrageous conduct claims are not evaluated in a vacuum; they are evaluated relative to the conduct alleged. Sexual harassment will only support an outrageous conduct claim when the harassment alleged is especially heinous compared to other sexual harassment claims." *Stacy v. MVT Servs., LLC*, 2012 WL 2281495, at *8 (M.D. Tenn. June 18, 2012). Thus, in evaluating whether Plaintiff has met her burden of alleging sufficiently outrageous conduct, her allegations must be considered in the context of other sex harassment claims.

Here, Plaintiff alleges Wagland frequently flirted with her and occasionally touched her back or knee while at work and sent her unsolicited pictures of his genital area and sexual comments via Snapchat. (Compl. ¶ 6, ECF No. 1-1.) And, although Plaintiff alleges it was due to his position as General Manager, Plaintiff nonetheless contends she engaged in at least two consensual sexual encounters with Wagland outside of the workplace. (*Id.*) Although, if true, the conduct alleged would be entirely inappropriate, there is nothing exceptional about Plaintiff's allegations as compared to typical harassment cases. *See Lambert v. Cent. Transp., Inc.*, 2008

WL 11389189, at *14 (M.D. Tenn. Apr. 24, 2008) (explaining that "while unwelcomed sexual comments and suggestive behavior are serious problems and should certainly not be condoned in the work environment, not every allegation of sexual harassment automatically gives rise to a prevailing claim of [IIED].").

Plaintiff's allegations of flirting, sexual comments and photos, and occasional touching in the workplace are standard in sexual harassment cases. See *Lambert*, 2008 WL 11389189, at *2, 14 (dismissing plaintiff's IIED claim because the "factual allegations [were], unfortunately, not atypical of the fact pattern presented in most harassment cases" where plaintiff alleged her harasser repeatedly touched her, would graze her butt and breasts, pressed his genital area against her on several occasions, would make sexual comments to her, asked her to spend the night, visited her uninvited at her home, among other things). Put simply, Plaintiff's allegations are not atypical for sexual harassment claims and thus cannot support "outrageous conduct" for purposes of IIED.

Courts have strongly advised against permitting IIED claims to move forward where there are no exceptional factual allegations. *See, e.g.*, *DeSoto v. Board of Parks & Recreation*, 64 F. Supp. 3d 1070, 1095-96 (M.D. Tenn. 2014); *see also Godfredoson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (explaining employment cases very rarely meet the standard for outrageous conduct under Tennessee law). Indeed, even Plaintiff's contention that UGE knew of the alleged harassing behavior and failed to act is insufficient to meet the criteria of "outrageous conduct." *Brown*, 2019 WL 13297196, at *4 ("[A] defendant's inaction does not qualify as outrageous conduct when such inaction comes in the face of a single or only a few instances of harassment or tortious conduct by its employees."). Because Plaintiff's allegations do not rise to the level of "outrageous conduct," Plaintiff has not stated a claim for IIED.

### c. *The Court Should Dismiss Plaintiff's Negligent Infliction of Emotional Distress Claim Because Her Conclusory Allegations of "Severe Mental Injury" are Insufficient*

Plaintiff alleges that UGE negligently inflicted emotional distress through its actions and caused her "severe mental injury." (Compl. ¶ 26, ECF No. 1-1.) Again, Plaintiff provides a boilerplate laundry list of her alleged "injuries," including nausea, sleeplessness, depression, anxiety, crying, being "emotionally on edge," nightmares, fright, grief, sadness, shame, humiliation, embarrassment, anger, resentment, disappointment, worry, fear, stress, lack of motivation, and a "different[] view of men." (*Id.*) But these conclusory allegations fail to meet Plaintiff's burden of stating a claim for NIED.

The Tennessee Supreme Court has adopted the general negligence standards for claims of NIED. *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996). In addition to proving the basic elements of negligence, Plaintiff must also prove that UGE's negligence "caused a serious or severe emotional injury." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012). To prove a "serious or severe injury," a plaintiff must demonstrate that a "reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* at 210.

Although Plaintiff asserts that she has experienced emotional "injuries," she has not alleged facts sufficient to demonstrate how the alleged sexual harassment caused those injuries to be so severe in nature that they would "disable a reasonable, normally constituted person from adequately coping the alleged mental distress." *West v. Genuine Parts Co.*, 2011 WL 4356361, at *3 (E.D. Tenn. Sept. 16, 2011). In other words, there are no factual allegations in her Complaint which sufficiently demonstrate the level of "severe" emotional injuries required for an NIED claim. *See, e.g.*, *Barrett v. Whirlpool Corp.*, 704 F. Supp. 2d 749, 758 (M.D. Tenn. 2010)

(explaining plaintiff's assertions of being "stressed," and "constantly on edge," without more, were insufficient evidence of "severe" injury).

Similarly, courts have found that where a plaintiff has failed to prove "outrageous conduct" for purposes of an IIED claim, the plaintiff has also failed to prove that the conduct complained of would cause a "reasonable person" to suffer such "severe mental injuries" for purposes of a NIED claim. *See, e.g.*, *Brown*, 2019 WL 13297196, at *5 (finding that because plaintiff failed to show the defendant's conduct was outrageous for purposes of her IIED claim, plaintiff also failed to state facts sufficient to show severe mental injury for purposes of her NIED claim); *Etheridge v. E.I. DuPont De Nemours and Co., Inc.*, 2015 WL 2516226, at *6 (W.D. Tenn. Mar. 16, 2015) (dismissing both plaintiff's negligent and intentional emotional distress claims because "she must meet a stricter standard to state a claim" for infliction of emotional distress, than even harassment). As explained above, Plaintiff has not sufficiently alleged "outrageous conduct" for purposes of her IIED claim and thus similarly has not alleged that UGE's conduct would cause a reasonable person to suffer such "severe" emotional injuries for purpose of an NIED claim.

Put simply, Plaintiff's conclusory assertions that she has suffered a lengthy list of "severe" injuries do not meet her burden of stating a claim. For this reason, Plaintiff's NIED claim also fails.

## III. CONCLUSION

Plaintiff's allegations of sex harassment do not rise to the level of "outrageous conduct" for purposes of her IIED claim. Similarly, Plaintiff's conclusory allegations and her boilerplate list of injuries do not sufficiently meet her burden for purposes of showing "severe mental injury" for her NIED claim. Because Plaintiff fails to state facts sufficient to demonstrate

"outrageous conduct" and "severe mental injury," both Count II and Count III of Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

*s/ Sarah V. Belchic*
J. Christopher Anderson, Bar No. 19279
Sarah V. Belchic, Bar No. 37500
chrisanderson@littler.com
sbelchic@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
615.383.3033 (phone)
615.383.3323 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2024, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Jason A. Lee
BURROW LEE, PLLC
651 S. Mt. Juliet Rd., #194
Mount Juliet, TN 37122
jless@burrowlee.com

*s/ Sarah V. Belchic*
Sarah V. Belchic